**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | * |
| | * |
| v. | * Case No. RWT 15-cr-0498 |
| | * |
| **ANTHONY E. ALASCIO** | * |

# MEMORANDUM OPINION

On September 22, 2015, Defendant Anthony Alascio filed an *ex parte* motion for issuance of a subpoena *duces tecum* pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure. ECF No. 13. Defendant requests that "certified copies of Inmate Roster for November 26, 2013, Bravo Housing Unit, Quad number 3" be "complete, certified, and delivered to their offices, Lawlor & Englert, LLC, in lieu of the Court as is standard procedure pursuant to Fed. R. Crim. P. 17(c)." *Id.* at 2. In addition, Defendant requested that the Court order the entity from whom records are being sought to neither disclose the fact of Defendant's Motion and the Court's Order, nor the fact that records have been produced to defense counsel without further order of the Court. *Id.* at 2–3.

A motion for issuance of a subpoena pursuant to Rule 17(c) is properly brought *ex parte* only "[i]n those rare situations where mere disclosure of the application for a pretrial subpoena would (i) divulge trial strategy, witness lists or attorney work-product; (ii) imperil the source or integrity of subpoenaed evidence; or (iii) undermine a fundamental privacy or constitutional interest of the defendant." *United States v. Beckford,* 964 F.Supp. 1010, 1030 (E.D.Va.1997);

*see also United States v. Smith*, No. RWT 09CR00213, 2010 WL 4291953, at *1-2 (D. Md. Oct. 29, 2010).

Defendant seeks, through the requested records, to "identify the names and information for individuals located at the location where the alleged assault took place" and use this information to "facilitate pretrial investigation and witness interviews." ECF No. 13 at 2. Defendant asserts that he may bring the motion *ex parte* "because the information being sought and disclosure of the sources of the records being sought would disclose the trial strategy" of defense counsel. *Id.* at 1. It is difficult to speculate what "trial strategy" would be revealed by a mundane request for a list of persons who were possibly present at the scene of the crime for which Defendant is charged, hardly a "rare situation." *See Beckford*, 964 F.Supp. at 1030. Similarly, Defendant fails to indicate how disclosure of this Motion would imperil the source of the subpoenaed evidence—the detention facility where the alleged assault occurred. Finally, Defendant does not indicate what privacy or constitutional interests, if any, would be undermined if this Motion is not handled *ex parte*. The Court shall therefore order that the Motion be unsealed. *See id.* at 1031.

The Court may issue a pretrial subpoena under Rule 17(c) if the defendant satisfies the burden of proof as to relevance, admissibility, and specificity set forth in *United States v. Nixon*, 418 U.S. 683 (1974). To do that, the party must show:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general fishing expedition.

*Id.* "If a satisfactory showing is made, the court, at its discretion may issue the subpoena, require pretrial production, and permit pretrial inspection by one or more of the parties." *Beckford,* 964 F.Supp. at 1031. The Court has considered Defendant's Motion and has concluded that he has satisfied his burden under *Nixon* because the information sought will likely reveal relevant evidence regarding the circumstances around the alleged assault, and as such the information is necessary to Defendant's formulation of a trial strategy. Therefore, the Court shall order that a subpoena be issued to the Custodian of Records at the Chesapeake Detention Facility.

       A separate order follows.

Dated: October 29, 2015                                               /s/
                                                                             ROGER W. TITUS
                                                                             UNITED STATES DISTRICT JUDGE